## C. T. WILLIAMS *v*. STATE.

### [59 South. 87.]

CRIMINAL LAW. *Former jeopardy. Plea. Proof. Code* 1906, *section* 1762.

> Under Code 1906, section 1762, providing that, after acquittal or conviction on the merits, accused shall not be liable to prosecution for any offense of the same character, committed anterior to the day laid in the indictment, where accused was tried under an affidavit charging him with the unlawful sale of liquor on the 25th day of September, at which trial the state offered evidence of sale on various dates prior thereto, and defendant was acquitted, he cannot be afterwards prosecuted under an indictment charging him with the unlawful sale of liquors on the 20th of November of the same year where the evidence on the last trial showed that the offense was committed prior to the 25th of September and in such case a plea of former acquittal should be sustained.

APPEAL from the circuit court of Lee county.

HON. J. H. MITCHELL, Judge.

C. T. Williams was convicted of unlawful retailing and appeals.

The appellant was indicted for the unlawful sale of intoxicating liquors. The indictment charged that sale was made on the 20th day of November, 1911. On the trial he pleaded former acquittal. The proof for the state in this case showed that the offense was committed prior to September 25, 1911, and in substantiation of the plea of former acquittal the defendant introduced testimony to show that on a former day of the same term of the court he had been tried on a charge of unlawful sale of intoxicating liquors, on a case appealed from a court of justice of the peace, where he was charged with having sold liquor on September 25, 1911. On the former trial the state did not confine itself to a single sale, but offered in evidence testimony tending to show

sales on various dates prior to September 25, 1911, and the result of that trial was an acquittal.

On the trial of the case at bar, the defendant claims the benefit of section 1762 of the Code, which is as follows: ''On the trial of all prosecutions for the violation of law, by the sale or giving away of liquors, bitters or drinks, the state shall not be confined to the proof of a single violation, but may give evidence in any one or more offenses of the same character committed anterior to the day laid in the indictment or in the affidavit, and not barred by the statute of limitations; but in such case, after acquittal or conviction on the merits, the accused shall not again be liable to prosecution for any offense of the same character, committed anterior to the day laid in the indictment or in the affidavit.''

*J. E. Rankin* and *Geo. T. Mitchell,* for appellant.

*Frank Johnston,* assistant attorney-general, for appellee.

No brief of counsel on either side found in the record.

MAYES, C. J., delivered the opinion of the court.

A re-examination of this case leads us to the conclusion that the plea of former acquittal should have been sustained by the trial court.

The suggestion of error is therefore sustained, and the case reversed and remanded.

*Reversed and remanded.*